CASE No. 978.

WARREN, WALLACE & CO. v. LAWTON.

1. Crop of A was sold after his death, under warrant, to enforce an agricultural lien, which was executed by him during his lifetime. Within thirty days after sale, the administrator of A, claiming the proceeds of sale, gave notice to the sheriff of such claim, and at the same time served an affidavit that no advances were made under the lien to be used in making the crop so sold, but that the lien was only executed to secure the re-payment of money paid to a third person to settle an old debt due by A. *Held,* that this affidavit sufficiently raised the issue which, under the statute, must be determined by trial in the Court of Common Pleas; and, meantime, a rule against the sheriff, moved for by the lienees, was properly discharged.

2. The creditor is entitled to the summary remedy of the act only where the money is due for advances made to enable the debtor to make the crop, and the affidavit required of the debtor to raise the issue for trial is sufficient if it denies indebtedness *under the lien.*

Before ALDRICH, J., Barnwell, February, 1880.

This was a rule issued February 17th, 1880, upon J. W. Lancaster, sheriff of Barnwell county, to show cause why he should not be required to pay over to the relators, Warren, Wallace & Co., money realized under a warrant to enforce an agricultural lien. The warrant was entitled Warren, Wallace & Co. *v.* Thomas P. Lawton, as administrator of the estate of B. W. Lawton. The lien was executed May 2d, 1879. The case is sufficiently stated in the opinion.

*Mr. John M. Cranston* and *Mr. W. P. Murphy,* for appellants.

*Mr. J. J. Brown,* contra.

February 26th, 1881. The opinion of the court was delivered by

McIVER, A. J. This was a rule on the sheriff requiring him to show cause why he should not be directed to pay over to the

appellants the proceeds of the sale of the crop of the intestate, B. W. Lawton, made by him on January 8th, 1880, under a warrant issued by the clerk to enforce an agricultural lien given by the said Lawton to the appellants to secure advances to be made during the year 1879. The sheriff showed for cause, that on January 20th, 1880, he was served with a notice, by the respondent, not to pay over the proceeds of such sale to the appellants, for the reason that no advances were made for that year by the appellants to the intestate; and that, subsequently, he was also served with a notice by Mrs. Josephine B. Lawton not to pay over the proceeds of the sale, for the reason that she was a lien creditor of the intestate, and that no advances had been made to said B. W. Lawton for the year 1879 by the appellants; and asked the instructions of the court in the premises. At the hearing, before the Circuit judge, it appeared that the notice from the respondent, referred to in the sheriff's return, was accompanied by an affidavit, which, among other statements, contained the following: " That no advances were made by said Warren, Wallace & Co. to said B. W. Lawton during said year, to be used in making the crops of the said B. W. Lawton, and that the money loaned and called advances in the lien given on the crops for 1879 was money loaned, not to B. W. Lawton, but paid to other parties in settlement of an old debt. The deponent is certain that no money passed between the said Warren, Wallace & Co. and B. W. Lawton during the year 1879, and that no advances for the purpose of assisting his agricultural interests were, in any manner, made to B. W. Lawton by said Warren, Wallace & Co. for that year." It also appeared that the notice from Mrs. Josephine B. Lawton was likewise accompanied by an affidavit, which, from the view we take of this case, it will not be necessary to set out particularly. The Circuit judge discharged the rule, and from his decision this appeal is taken.

The statute (March 4th, 1878, 16 *Stat.* 410,) under which the appellants proceeded in this case, is a very rigorous one, and gives a creditor a very summary remedy, but it is not wholly unmindful of the rights of the debtor. To obtain the remedy provided for by it the creditor must first make an affidavit " that the person to whom such advances have been made, is about to sell

or dispose of his crop, or in any other way is about to defeat the lien hereinbefore provided for, *accompanied with a statement of the amount then due.*" This must, of course, mean the amount due *under the lien*, and cannot apply to any other indebtedness. Otherwise a creditor might resort to this means of securing an antecedent unsecured debt, while it is plain that the sole purpose of the statute was to provide for the security and prompt collection of the debts contemplated by it, to wit, advances made in pursuance of the agreement provided for in the preceding section of the act. The statute then proceeds to provide a mode by which the debtor may, to a certain extent at least, be protected not only from any erroneous or excessive charge on the part of the creditor, but also from having the proceeds of the sale of his crops applied to any other debts than those for which they may be specially pledged, viz., advances made for the purpose of enabling him to raise such crops. This is effected by the proviso to the third section of the act, which declares : " That if the person to whom such advances have been made shall, within thirty days after such sale has been made, give notice in writing to the sheriff, accompanied with an affidavit to this effect, that the amount claimed is not justly due, that then it shall be the duty of the sheriff to hold the proceeds of such sale subject to the decision of the court upon an issue" made up to determine whether the amount claimed under the lien is justly due. When, therefore, the person to whom the advances are alleged to have been made, or, as in this case, his administrator, gives such notice to the sheriff, accompanied by an affidavit to the effect that the amount claimed under the lien is not justly due, the sheriff is required by the act to hold the proceeds of sale until the issue thus raised between the parties has been determined. In this case we think the affidavit accompanying the notice to the sheriff from the respondent was sufficient to raise the issue contemplated by the act.

It is argued, however, that the affidavit of the respondent does not come up to the requirements of the act, because it not only does not deny that the amount claimed is justly due, but, on the contrary, impliedly admits that the claim was justly due for money paid by appellants to other parties in settlement of an

old debt due by the intestate, B. W. Lawton. We cannot concur in this view. As we have before said, the affidavit required of the creditor before he can obtain a warrant to enforce his lien, must be regarded as an affidavit, to the effect that the amount claimed is then due *under the lien,* and all that the debtor is required to do in order to raise the issue contemplated by the act, is to deny *that* allegation. If there is nothing due *under the lien,* then the creditor can get nothing under the summary remedy provided for by the act, no matter how much the debtor may owe him on other accounts, and for the collection of such other indebtedness he must, like all other creditors, resort to the ordinary process of law. Any other construction would be a manifest perversion of the purpose of the act, as well as a violation of the agreement of the parties. The act gives a special and very summary remedy for the collection of a debt of a particular character, which there is no warrant for extending to debts of any other character. The parties agree that to secure the prompt collection of a debt contracted for the purpose of enabling the debtor to make a crop, that the creditor shall have the promptest and most efficient means for collecting *that debt;* but they do not agree that the creditor shall have the same prompt and efficient means for collecting any other debt that the debtor may happen to owe. The affidavit required of the debtor will, therefore, be sufficient if it is to the effect that the amount claimed is not justly due *under the lien;* for otherwise an unfortunate debtor who happened to owe only a small balance under an agricultural lien, and at the same time was otherwise largely indebted to the person holding the lien, would be liable to have his whole crop seized and summarily sold, and the whole proceeds applied to debts due a single creditor, when, perhaps, there were other creditors who, being forced to employ the slower processes incident to the ordinary remedies for the collection of debts, would thereby be entirely deprived of their rights.

The notice to the sheriff having been given by respondent within the time required by the statute, accompanied by an affidavit which, as we have seen, was sufficient to raise the issue contemplated by the act, it was the duty of the sheriff to hold

the proceeds of the sale until such issue should be determined, and the rule was, therefore, properly discharged.

The order of the Circuit judge discharging the rule upon the sheriff, in this case, is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.